Anna Y. Park, SBN 164242
Michael J. Farrell, SBN 266553
Elizabeth Esparza-Cervantes, SBN 205412
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>          Plaintiff,<br><br>     v.<br><br>AMERICAN LASER CENTERS LLC f/k/a ALC ACQUISITION COMPANY LLC d/b/a AMERICAN LASER CENTERS, AMERICAN LASER CENTERS OF CALIFORNIA, LLC d/b/a AMERICAN LASER CENTERS, ALC - PARTNER, INC. d/b/a AMERICAN LASER CENTERS, and DOES 1-10, Inclusive,<br>          Defendants. | Case No.:<br><br>**COMPLAINT**<br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br>**(42 U.S.C. §§ 2000e, et seq.)**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the

-1-

1 basis of sex (female) and retaliation and to provide appropriate relief to Dawb
2 Yang and similarly situated female employees who were adversely affected by
3 such practices.

4 As alleged with greater particularity in Paragraphs 12 - 20 herein, Plaintiff,
5 the United States Equal Employment Opportunity Commission ("EEOC" or the
6 "Commission") alleges that Defendants ALC - Partner, Inc. d/b/a American Laser
7 Centers; American Laser Centers LLC f/k/a ALC Acquisition Company LLC
8 d/b/a American Laser Centers; American Laser Centers of California, LLC d/b/a
9 American Laser Centers; and Does 1 - 10 ("Defendant Employers") subjected
10 Charging Party Dawb Yang and a class of other similarly situated individuals to
11 unwelcome physical and verbal sexual conduct which was sufficiently severe and
12 pervasive to adversely affect the terms and conditions of their employment and
13 create a hostile work environment.  The EEOC further alleges that Defendant
14 Employers subjected Charging Party Dawb Yang to unlawful retaliation when
15 they terminated her employment for opposing the hostile work environment, a
16 statutorily protected activity.

17

18 **JURISDICTION AND VENUE**

19 1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,
20 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to
21 Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended,
22 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil
23 Rights Act of 1991, 42 U.S.C. § 1981a.

24 2. The employment practices alleged to be unlawful were committed
25 within the jurisdiction of the United States District Court for the Eastern District
26 of California.

27

28

# PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant ALC - Partner, Inc. d/b/a American Laser Centers ("ALC-Partner") has been a Michigan corporation doing business in the state of California and has continuously had at least 15 employees.

5. At all relevant times, Defendant ALC - Partner has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

6. At all relevant times, Defendant American Laser Centers, LLC f/k/a ALC Acquisition Company, LLC d/b/a American Laser Centers ("American Laser Centers, LLC") has been a Delaware corporation doing business in the state of California and has continuously had at least 15 employees.

7. At all relevant times, Defendant American Laser Centers, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

8. At all relevant times, Defendant American Laser Centers of California, LLC d/b/a American Laser Centers ("American Laser Centers of California, LLC") has been a Delaware corporation doing business in the state of California and has continuously had at least 15 employees.

9. At all relevant times, Defendant American Laser Centers of California, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

10. Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 10, inclusive (the "Doe Defendants"). Therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff reserves the right to amend the complaint to name the Doe Defendants as they become known. Plaintiff alleges that each of the Defendants named as Doe Defendants was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when Plaintiff has ascertained the identity of the Doe Defendants.

11. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, alter ego, joint employer, integrated enterprise, agent, employee, successor, or under the direction and control of the others, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## **STATEMENT OF CLAIMS**

12. More than thirty days prior to the institution of this lawsuit, Dawb Yang filed a charge with the Commission alleging violations of Title VII by Defendant Employers. The Commission investigated the charge and issued a Letter of Determination finding that Defendant Employers subjected Charging Party and a class of other similarly situated employees to a sexually hostile work environment in violation of Title VII. The EEOC further determined that Respondent subjected the Charging Party to retaliation for engaging in a protected activity. Prior to instituting this lawsuit, the EEOC attempted to eliminate the

unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b). All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Since at least in or about August 2006, Defendant Employers have engaged in unlawful employment practices at their Fresno, California location in violation of Sections 703 and 704 of Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3.

14. Defendant Employers violated Section 703 of Title VII when they subjected Charging Party and a class of other similarly situated female employees to unwelcome sexual conduct by their Consulting Physician/Landlord which was sufficiently severe and pervasive to adversely affect the terms and conditions of their employment and create a hostile, abusive work environment.

    a) The sexual harassment includes, but is not limited to, the Consulting Physician/Landlord repeatedly approaching female employees with a visibly erect penis; openly leering at them, positioning his body unusually close to the women; caressing the hands and faces of the female employees and otherwise touching them in a sexual manner; and unbuttoning the blouse of a female employee.

    b) The sexual harassment was unwelcome. Charging Party and other female employees were offended by the Consulting Physician's/Landlord's sexually offensive and egregious conduct. They tried to avoid him, ignore him and/or rebuff his repeated sexual conduct to no avail. As described below, they also complained to management officials of the Defendant Employers in an effort to stop the unwelcome conduct.

    c) The sexual harassment was sufficiently severe and pervasive to create a hostile work environment. The sexual conduct described in

Paragraph 14(a) was pervasive in the workplace as it occurred on an almost daily basis. The sexual conduct was severe as it included highly offensive physical touching of a sexual nature and the Consulting Physician's/Landlord's egregious act of repeatedly appearing in the female employees' work area with a visibly erect penis.

d) Defendant Employers are liable for the hostile work environment created by the harassing official in both his capacity as a Consulting Physician and as a third-party Landlord. Charging Party Yang and other female employees took reasonable steps to stop the sexual harassment when they formally complained to several management officials of the Defendant Employers. However, Defendant Employers failed to take reasonable steps to prevent and correct the harassment, but instead blamed the female employees for "misunderstanding" the harassing official and ordered them to return to the worksite and to just try to avoid him. Defendant Employers knew of the harassment because of the complaints made by Charging Party and other female employees, but failed to take effective, remedial action.

15. Defendant Employers violated Section 704 of Title VII when they subjected Charging Party to unlawful retaliation for complaining of the hostile work environment.

a) Charging Party engaged in a protected activity when she opposed the unlawful sexual harassment by complaining about it to the Defendant Employers' management officials and requesting that they take action to stop it.

b) Defendant Employers subjected Charging Party to an adverse employment action when they terminated her employment.

      c)    Defendant Employers terminated Charging Party's employment in retaliation for engaging in a protected activity. The officials who decided to terminate Charging Party knew of her complaints regarding the sexual harassment. Those officials terminated Charging Party's employment within two weeks of her complaints regarding the harassment. Defendant Employers' allegations of poor performance on the part of the Charging Party are a pretext for retaliation given that Charging Party's clinic had only been operational for approximately two weeks and that similarly situated employees who did not complain of any type of harassment were not terminated by Defendant Employers.

16. The effect of the practices complained of, as described above, has been to deprive Charging Party and a class of similarly situated employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female.

17. The effect of the practices complained of, as described above, has been to deprive Charging Party Dawb Yang of equal employment opportunities and otherwise adversely affect her status as an employee, because of her reporting discrimination and harassment.

18. The unlawful employment practices described in Paragraphs 13-15 above were intentional.

19. The unlawful employment practices described in Paragraphs 13-15 above were done with malice or with reckless indifference to the federally protected rights of Charging Party and a class of similarly situated employees.

20. As a direct and proximate result of the acts of Defendant Employers, as described above, Charging Party and the class of similarly situated employees have suffered pain and suffering, inconvenience, loss of enjoyment of life, humiliation and damages, all to be proven at trial.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, their respective officers, assigns, agents, alter ego, joint employer, integrated enterprise, successors, and all persons in active concert or participation with them, from engaging in any employment practices, which discriminate on the basis of sex and retaliation;

B. Order each Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant Employers to make whole Charging Party Dawb Yang, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement or front pay.

D. Order Defendant Employers to make whole Charging Party and the class of similarly situated employees by providing the appropriate past and future pecuniary losses, and/or other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices;

E. Order Defendant Employers to make whole Charging Party and the class of similarly situated employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained as described above, including, but not limited to pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order Defendants to pay Charging Party and the class of similarly situated employees punitive damages for its malicious and /or reckless conduct as described above, in amounts to be determined at trial;

1  G. Grant such further relief as the Court deems necessary and proper in the public interest; and

3  H. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

                              JAMES LEE
                              Acting General Counsel
                              GWENDOLYN YOUNG REAMS
                              Associate General Counsel
                              U.S. Equal Employment Opportunity Commission
                              131 M Street, N.E.
                              Washington, DC 20507

Date: December 28, 2009     BY _____.
                              MICHAEL J. FARRELL
                              Supervisory Trial Attorney
                              ANNA Y. PARK
                              Regional Attorney
                              U.S. Equal Employment Opportunity Commission
                              Los Angeles District Office