1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>AMERICAN LASER CENTERS LLC<br>f/k/a ) ALC ACQUISITION COMPANY<br>LLC d/b/a AMERICAN LASER<br>CENTERS OF CALIFORNIA, LLC<br>d/b/a AMERICAN LASER CENTERS,<br>ALC-PARTNER, INC d/b/a AMERICAN<br>LASER CENTERS,<br>ALC Fresno, LLC and DOES 1-10,<br>INCLUSIVE,<br><br>        Defendants. | NO. 1:09-CV-2247-AWI-DLB<br><br>ORDER ON DEFENDANTS'<br>MOTION TO DISMISS<br><br>Doc. No. 10 |

This is an employment discrimination case under Title VII of the Civil Rights Act of 1964. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") alleges that defendants ALC-Partner, Inc. d/b/a American Laser Centers ("ALC-Partner"); American Laser Centers LLC f/k/a ALC Acquisition Company LLC d/b/a American Laser Centers ("ALC"); American Laser Centers of California, LLC d/b/a American Laser Centers ("ALC California");

ALC Fresno, LLC ("ALC Fresno")[1], and Does 1-10 (collectively "Defendants") violated Title

VII.  EEOC alleges that ALC Fresno employees, Dawb Yang ("Yang") and other unnamed

women, were sexually harassed by Defendants' Consulting Physician/Landlord, Dr. Haskin.

EEOC alleges that Defendants are liable for this harassment under Title VII because the

Defendants failed to take effective remedial action and retaliated against Yang by terminating her

employment.  Defendants move to dismiss the First-Amended Complaint ("FAC") under Fed. R.

Civ. P. 12(b)(6).  For the reasons that follow, Defendants' motion will be granted.

## **FACTUAL HISTORY**[2]

On or about November 28, 2009, Yang filed a charge with the EEOC alleging violations

of Title VII by Defendants.  See FAC ¶14.  The EEOC investigated the charge and issued a letter

of determination finding that Defendants subjected Yang and a class of similarly situated

employees to a sexually hostile work environment in violation of Title VII.  Id.  The EEOC

further determined that Defendants subjected Yang to retaliation for engaging in protected

activity.  Id.

EEOC alleges that since at least August 2006, Defendants have engaged in unlawful

employment practices at their Fresno, California location.  See FAC ¶15.  Defendants subjected

Yang and other similarly situated female employees to unwelcome sexual conduct by their

Consulting Physician/Landlord, Dr. Haskin, which was sufficiently severe and pervasive to

adversely affect the terms and conditions of their employment and create a hostile work

environment.  See FAC ¶16.  The sexual harassment includes, but is not limited:

to the Consulting Physician/Landlord repeatedly approaching female employees with a

---

[1]Defendants allege that ALC Fresno has not been served with the FAC.  EEOC alleges that it has served ALC Fresno and intends on filing a proof of service with the Court.  See July 21, 2010 Joint Scheduling Report at page 2 (Doc. No. 31).

[2]The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained herein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

visibly erect penis, openly leering at them, positioning his body unusually close to the women, caressing the hands and faces of the female employees and otherwise touching them in a sexual manner, and unbuttoning the blouse of a female employees.

See FAC ¶16(a). Yang and the female employees complained to several management officials of the Defendants in an effort to stop the unwelcome conduct. See FAC ¶16(d). Defendants failed to take reasonable steps to prevent and correct the harassment. See FAC ¶16(d). Defendants blamed the female employees for the "misunderstanding" and ordered them to return to the work site and to just try to avoid him. Id. Defendants subjected Yang to unlawful retaliation for complaining of the hostile work environment by terminating her employment within two weeks of her complaints. See FAC ¶17(a)-(c). Defendants' allegations of Yang's poor performance are a pretext for retaliation given that the ALC Fresno clinic had only been operational for approximately two weeks and that similarly situated employees who did not complain of any harassment were not terminated. See FAC ¶17(c). Yang and a class of similarly situated employees have been deprived of equal employment opportunities because of their gender. See FAC ¶18. EEOC alleges that Defendants' retaliation was intentional and that Defendants failure to take reasonable steps to prevent and correct the harassment was done with malice or with reckless indifference to Yang's rights. See FAC ¶¶20-21.

EEOC alleges that ALC Fresno is a California corporation that does business in California and "as an integrated enterprise with ALC-Partner has continuously had at least 15 employees." See FAC ¶8. ALC-Partner is a Michigan corporation doing business in California and has continuously had at least 15 employees. See FAC ¶4. ALC is a Delaware corporation doing business in California and has continuously had at least 15 employees . See FAC ¶6. ALC California is a Delaware corporation doing business in California and has continuously had at least 15 employees. See FAC ¶10. Defendants each acted "as a successor, alter ego, joint employer, integrated enterprise, agent, employee, successor, or under the direction and control of the others..." See FAC ¶13.

1    On December 28, 2009, EEOC filed a complaint in this Court.  On March 19, 2010,

2  EEOC filed a first-amended complaint.  In the FAC, EEOC alleges that Defendants violated Title

3  VII for subjecting Yang and similarly situated women to a hostile work environment and for

4  retaliating against Yang.

5    On April 19, 2010, Defendants filed a Motion to Dismiss the FAC for failure to state a

6  claim pursuant to Rule 12(b)(6).

7    On May 10, 2010, EEOC filed an opposition.  On May 17, 2010, Defendants filed a reply.

8  On July 14, 2010, Yang filed an intervenor complaint.

9                                 **GENERAL LEGAL FRAMEWORK**

10    **Rule 12(b)(6)**

11    Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

12  plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A

13  dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

14  absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside

15  Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th

16  Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken

17  as true and construed in the light most favorable to the non-moving party.  Marceau v. Blackfeet

18  Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir.

19  1999).  The Court must also assume that general allegations embrace the necessary, specific facts

20  to support the claim.  Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004);

21  Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  But, the Court is not

22  required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact,

23  or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir.

24  2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Although they may

25  provide the framework of a complaint, legal conclusions are not accepted as true and

26

27

28                                          4

"[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, to "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949; see Twombly, 550 U.S. at 570; see also Weber v. Department of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
>
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572

F.3d 962, 969 (9th Cir. 2009).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to

amend even if no request to amend the pleading was made, unless it determines that the pleading

could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122,

1127 (9th Cir. 2000) (en banc).  In other words, leave to amend need not be granted when

amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## ANALYSIS

I.      All Claims Arising under Title VII as to ALC Fresno

ALC Fresno's Argument

ALC Fresno argues that Title VII does not apply to it because standing on its own as an

independent corporation, ALC Fresno did not employ at least 15 employees.  ALC Fresno argues

that EEOC's allegation that ALC Fresno employed at least 15 employees by virtue of being an

"integrated enterprise" with ALC Partner is an impermissible conclusory allegation.

EEOC's Argument

EEOC argues that it has plead that each named Defendant meet the statutory requirements

to be deemed an "employer" for Title VII Purposes.  EEOC alleges that the relationship between

ALC Fresno and ALC Partner was one of an integrated enterprise.

Resolution

Title VII of the Civil Rights Act of 1964 provides in relevant part that "it shall be an

unlawful employment practice for an employer ... to discriminate against any individual ...

because of such individual's race, color, religion, sex, or national origin."  42 U.S.C.A. §

2000e-2(a)(1).  Employer is defined as "a person ... who has fifteen or more employees for each

working day in each of twenty or more calendar weeks in the current or preceding calendar year,"

§ 2000e(b).  A "person" includes "one or more individuals ... partnerships, associations,

1   corporations, legal representative, mutual companies, joint-stock companies, trusts,

2   unincorporated organizations[.]" Id. §2000e(a).  Therefore, a group of entities can form a single

3   employer under Title VII.  "A plaintiff with an otherwise cognizable Title VII claim against an

4   [entity] with less than [fifteen] employees may assert that the [entity] is so interconnected with

5   another [entity] that the two form an integrated enterprise, and that collectively this enterprise

6   meets the [fifteen] employee minimum standard."  Anderson v. Pac. Mar. Ass'n, 336 F.3d 924,

7   929 (9th Cir. 2003).  The Ninth Circuit utilizes a four-part test to determine whether two entities

8   are an integrated enterprise for purposes of Title VII coverage.  Morgan v. Safeway Stores, Inc.,

9   884 F.2d 1211, 1213 (9th Cir. 1989).  The four factors are: (1) interrelation of operations; (2)

10  common management; (3) centralized control of labor relations; and (4) common ownership or

11  financial control.  See Kang v. U. Lim. Am., Inc., 296 F.3d 810, 815 (9th Cir.2002).  "The third

12  factor, centralized control of labor relations, is the 'most critical."  Kang, 296 F.3d 810 at 815.

13          The FAC alleges that ALC Fresno (a California corporation) "has been ... doing business

14  as an integrated enterprise with Defendant ALC-Partner," (a Michigan corporation).  The Court

15  finds this allegation standing alone to be insufficient.  This allegation is conclusory and supported

16  by no factual allegations.  A plaintiff must make sufficient factual allegations to establish a

17  plausible entitlement to relief.  Twombly, 550 U.S. at 555-56.  Such allegations must amount to

18  more than labels and conclusion, and a formulaic recitation of the elements of a cause of action.

19  Id. at 555.  Legal conclusions which are unsupported by factual allegations will not suffice.  See

20  Iqbal, 129 S.Ct at 1949.  EEOC is given leave to amend to allege facts explaining how the two

21  entities are an integrated enterprise.

22  II.     All Claims Arising under Title VII as to all Defendants

23          A.      Defendants' Argument as to Joint- Employer, Successor, Alter Ego, Integrated
                    Enterprise and Successor Allegations

24

25          ALC Partner, ALC California, ALC Fresno and ALC argue that the FAC fails to allege

26  any facts that establish that they were joint- employers, successors, or alter egos of each other.

27

28                                                      7

1   EEOC's Argument

2       EEOC argues that it has clearly plead that each of the four Defendants are liable for the

3   conduct at issue because such conduct was directly performed by each and/or was attributable to

4   each pursuant to an alter ego, joint-employer, successor, or integrated enterprise, or agency

5   relationship.

6       Resolution

7       EEOC has not alleged any specific facts to support its claim that the Defendants were alter

8   egos, joint-employers, successors, or an integrated enterprise.  EEOC's allegation that the conduct

9   at issue is attributable to all Defendants because each acted "as a successor, alter ego, joint

10  employer, integrated enterprise, agent, employee...." or "under the direction and control of the

11  others" is merely a conclusory allegation.  EEOC does not plead any specific factual allegations

12  that explain how the four Defendant companies are related to each other.  The Court is not

13  required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact,

14  or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d at 1056-57; Sprewell, 266

15  F.3d at 988.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

16  detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

17  relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

18  cause of action will not do."  Twombly, 550 U.S. at 555.  "[T]hreadbare recitals of elements of a

19  cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S.Ct. at

20  1949-50.  EEOC is given leave to amend to allege facts that explain how the four Defendant

21  companies are linked to each other Defendant.

22      B.    Defendants' Argument Regarding Vicarious Liability and Third-Party
              Liability

23

24      Defendants argue that in terms of vicarious liability, the FAC does not allege that Dr.

25  Hamlin was employed by any Defendant or that he supervised Yang or any unnamed class

26  member.  Defendants argue that Dr. Hamlin's purported role as Defendants' "Consulting

27

28                                        8

1   Physician" is factually and provably untrue.  Defendants argue that the hostile work environment

2   claim should be dismissed because the FAC does not establish that Defendants failed to take

3   appropriate corrective action and because the harassment stopped after Yang complained of the

4   harassment.

5            EEOC's Argument

6            EEOC alleges that Defendants are liable for Dr. Hamlin's sexual harassment under both a

7   theory of vicarious liability and a theory of third-party liability.  EEOC alleges that Dr. Hamlin

8   was a Consultant Physician/Landlord.  See FAC ¶16(d).

9            Resolution

10            With respect to Defendants' argument that EEOC can only proceed on a third-party

11   liability theory, the Court is not persuaded at this stage.  Since this is a Rule 12(b)(6) motion, the

12   Court accepts as true the factual allegations in the FAC.  See Vignolo v. Miller, 120 F.3d 1075,

13   1077 (9th Cir. 1999).  The Court understands EEOC to be alleging that Dr. Hamlin was an

14   employee of the Defendants.  See FAC ¶16.  EEOC, however, does not allege which Defendant

15   employed Dr. Hamlin.  EEOC is given leave to amend to explain Dr. Hamlin's relationship with

16   the Defendants and which defendant employed him.  To the extent that EEOC is not alleging that

17   Dr. Hamlin is an employee of the Defendants, EEOC must clarify Dr. Hamlin's relationship to the

18   Defendants.

19            As to Defendants' argument that the hostile work environment claim should be dismissed

20   because the FAC does not establish that Defendants failed to take appropriate corrective action,

21   the Court does not agree that the FAC should be dismissed on those grounds.  In reviewing a

22   complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in

23   the light most favorable to the non-moving party.  Marceau, 540 F.3d 916 at 919.  The Court finds

24   that EEOC has plead sufficient facts to support its hostile work environment claim at this motion

25   to dismiss stage.  To prove that a hostile work environment existed, a plaintiff must show that:

26

27

28                                                          9

1  (1) she was subjected to verbal or physical conduct of a sexual nature, (2) this conduct was
   unwelcome, and (3) the conduct was "sufficiently severe or pervasive to alter the
2  conditions of the victim's employment and create an abusive working environment.

3  Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir. 1995) (citations omitted).

4      Here, EEOC alleges that Dr. Hamlin approached "female employees with a visibly erect

5  penis, openly leering at them, positioning his body unusually close to the woman, caressing the

6  hands and faces of the female employees and otherwise touching them in a sexual manner; and

7  unbuttoning the blouse of a female employee." See FAC ¶16(a).  EEOC alleges that the

8  harassment was both unwelcome and sufficiently severe and pervasive to constitute a hostile work

9  environment.  See FAC ¶16(b)-(c). EEOC alleges that Defendants did not take effective remedial

10 action.  See FAC ¶16(d).  EEOC alleges that after Yang and other female employees complained

11 to several management officials of Defendants, Defendants "blamed the female employees for

12 'misunderstanding' the harassing official and ordered them to return to the worksite and to just try

13 to avoid him."  See FAC ¶16(d).  EEOC alleges that Yang cannot attest to further sexual

14 harassment after she complained about the harassment because within two weeks of her

15 complaining she was terminated.  See FAC ¶17.

16      Accordingly, the Court finds that EEOC has plead enough facts at this stage to support its

17 hostile work environment claim under either a third-party liability theory or vicarious liability

18 theory.[3]

19

20                              **ORDER**

21      Accordingly, IT IS HEREBY ORDERED THAT:

22  1.      Defendants' Motion to Dismiss EEOC's FAC is granted with leave to amend; and

23

24 _____

25 [3]As discussed above EEOC is given leave to amend to clarify Dr. Hamlin's relationship
   with the Defendants and explain which Defendant/s employed him and in what capacity he was
26 employed by the Defendants.  If EEOC pleads facts that show that Dr. Hamlin was employed by
   the Defendants, then a vicarious theory of liability may be viable.

27

28                              10

2.    EEOC may file an amended complaint consistent with this order and Rule of Civil Procedure 11 on or by August 31, 2010.

IT IS SO ORDERED.

Dated:    August 13, 2010

    CHIEF UNITED STATES DISTRICT JUDGE

11