Anna Y. Park, SBN 164242
Michael J. Farrell, SBN 266553
Peter F. Laura, SBN 116426
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN LASER CENTERS LLC<br>　　　　　　　　　Defendants. | Case No.: 1:09-CV-02247-AWI-DLB<br><br>CONSENT DECREE<br><br>Trial Date: TBD |
| DAWB YANG,<br>　　　　　　Plaintiff-in-Intervention,<br><br>　　v.<br><br>AMERICAN LASER CENTERS, LLC, et al.<br>　　　　　　　　　Defendants. | |

[PROPOSED] CONSENT DECREE

-1-

# I. INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and defendants American Laser Centers LLC f/k/a ALC Acquisition Company LLC ("ALC"), American Laser Centers of California LLC ("California"), and ALC-Partner, Inc. ("Partner") (collectively, "Defendants") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to resolve the EEOC's Second Amended Complaint ("SAC") filed against ALC, California, Partner, and ALC Fresno LLC in the Eastern District of California, Case No. 1:09-CV-02247 AWI DLB (the "Action") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII").  The SAC alleges that (1) Charging Party, Dawb Yang ("Yang"), and other similarly situated employees were sexually harassed by the clinic's then-landlord; and (2) that Yang was retaliated against for engaging in a protected activity in violation of Title VII.  Defendants deny these allegations in their entirety.  Defendants also deny any allegation, assertion or claim that any combination of defendants are joint employers, integrated employers, alter egos, agents, assigns and/or successors.

## II. PURPOSES AND SCOPE OF THE CONSENT DECREE

A.  The EEOC and Defendants (collectively, the "Parties") agree this Action should be fully and completely resolved by entry of this Consent Decree. This Decree shall be binding on and enforceable against Defendants and their officers, directors, agents, successors, and assigns as stated herein.

B.  The Parties have entered into this Decree for the following purposes:

1.  To avoid the expensive and protracted costs incident to litigation;

2.  To provide monetary and injunctive relief;

      3.    To ensure Defendants' employment practices comply with federal law; and

      4.    For American Laser Center clinics listed in <u>Exhibit A</u> (hereinafter referred to as "the Northern California Region"):

         a.    To ensure they provide a work environment free from sexual harassment and retaliation;

         b.    To ensure their employees are trained with respect to Title VII;

         c.    To ensure their employees have an appropriate and effective mechanism for handling sexual harassment and retaliation complaints

## III.  RELEASE OF CLAIMS

A.    This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against any and/or all defendants in this Action.

B.    Nothing in this Decree shall be construed to preclude any party in this Action from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations it makes herein.

C.    Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with Title VII or any other federal employment discrimination statute.

D.    This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures.

## IV. JURISDICTION

A. The SAC asserts allegations and claims that, if proven, would give the Court jurisdiction and authorize the Court to grant the equitable relief set forth in this Decree.

B. The terms and provisions of this Decree are fair, reasonable and just.

C. This Decree complies with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

D. The entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties.

E. The Court shall retain jurisdiction of this Action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## V. EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained herein are effective immediately upon the date this Decree is entered by the Court ("the Effective Date").

B. Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

C. Upon the expiration of the Decree, the case will be dismissed with prejudice unless the Court dismisses the case *sua sponte*. This subsection shall not apply if, at the time of expiration of the Decree, the Court has granted a motion by the EEOC to ensure further compliance before the Court requiring continued jurisdiction.

### VI. MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each party.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

### VII. COMPLIANCE AND DISPUTE RESOLUTION

A. If the Commission has a good faith basis to believe that a defendant has failed to perform the promises and representations it made herein, the Commission may petition the Court to enforce the Decree. Prior to filing any such petition, the Commission agrees to notify the appropriate defendant, through its legal counsel of record, of the nature of the dispute. This notice shall be in writing and sent to defense counsel via overnight delivery. The notice shall specify the particular provision the Commission believes was breached, and explain why the Commission believes the provision was breached. That defendant shall then have ninety (90) days to attempt to resolve or cure the breach. The Commission and said defendant can agree to extend this period upon mutual consent.

B. The Commission and the defendant agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the Commission's written notice.

C. If the ninety (90) day period has passed with no resolution or agreement to extend the time further, the Commission may petition this Court for resolution of the dispute.

## VIII. MONETARY RELIEF

A. Defendants shall pay a total of $125,000 ("Settlement Sum") to settle this Action and in consideration for the settlement and release of all claims raised in Dawb Yang's Complaint-in-Intervention. This amount includes any and all compensation to which Yang and any other purportedly similarly situated individual may have been entitled if liability were determined in this Action.

B. Defendants shall pay $20,000 of the Settlement Sum directly to the individual(s) identified by the EEOC and in the amounts provided by the EEOC, pursuant to the Distribution List provided by the EEOC to Defendants prior to the execution of this Decree. (Such individuals (other than Yang) are hereinafter referred to as "Individual Recipients.") Each Individual Recipient will receive her share of $20,000.00 of the Settlement Sum as follows:

1. Defendants shall pay each Individual Recipient's share of the Settlement Sum in six equal installment payments. The payments will be mailed to each Individual Recipient directly to the address listed on EEOC's Distribution List on the fifteenth day of each month, beginning on October 15, 2011, or the fifteenth of the month immediately following the Effective Date of this Consent Decree, whichever is later. If the fifteenth day of the month falls on a weekend or holiday during this period, Defendants will

make that month's payment no later than the next business day. The checks issued pursuant to this Subparagraph will be issued directly to the named Individual Recipient as those names are stated on EEOC's Distribution List..

    2.    The Parties agree that the payment made to each Individual Recipient is solely for her alleged emotional distress and personal injuries and is based on the representation made by each Individual Recipient to the Commission that she suffered such damages as a result of a defendant's alleged conduct as described in the SAC.

    3.    No portion of the amount paid to an Individual Recipient is to be considered or intended to compensate the Individual Recipient for loss of wages. Accordingly, no IRS form W-2 will be issued to any Individual Recipient, and no deductions will be made from the Settlement Sum for federal or state income or employment taxes. Rather, an IRS Form 1099 will be issued to each Individual Recipient for her full share of the Settlement Sum as provided in the Designation Notice.

C.    Yang's total share of the Settlement Sum is $105,000 and shall be paid as follows:

    1.    Defendants shall pay Yang the gross amount of $20,000, less applicable withholdings for federal and state income and employment taxes. The Parties agree that this payment is intended to compensate Yang for alleged lost wages for which she sought recovery in the Intervening Lawsuit and/or the EEOC Lawsuit, including any interest thereon.

    2.    Defendants shall pay Yang the amount of $85,000. The Parties intend this amount to compensate Yang for alleged emotional distress and personal injuries for which she sought recovery in the Lawsuit or the Intervening Lawsuit and for any and all attorneys' fees and costs that she may have been able to recover if she prevailed in the Intervening Lawsuit.

1
2
3

This allocation is based on the facts and representations made by Yang that she suffered emotional distress and personal injuries as a result of the alleged conduct of some or all of the defendants.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

      3.      Yang's share of the Settlement Sum shall be paid in six installment payments. The first five payments of $17,000 will be for Yang's alleged damages as described in Paragraph VIII.C.(2). The sixth payment will be for $20,000, less applicable withholdings for federal and state income and employment taxes, for Yang's alleged damages as described in Paragraph VIII.C.(1). The payments will be mailed to Thomas D. Rutledge, 3555 5th Avenue, Suite 201, San Diego, CA 92103 on the fifteenth day of each month, beginning on October 15, 2011, or the fifteenth of the month immediately following the Effective Date of this Consent Decree, whichever is later. If the fifteenth day of the month falls on a weekend or holiday during this period, Defendants will make that month's payment no later than the next business day. The checks issued pursuant to Paragraph VIII.C(2) will be made payable to "Thomas D. Rutledge Trust Account." The check issued pursuant to Paragraph VIII.C.(1) will be made payable to "Dawb Yang."

19
20
21
22

D.    The Commission agrees to inform each Individual Recipient that she is solely responsible for all tax obligations, including all reporting and payment obligations, that may arise as a consequence of her receipt of said portion of the Settlement Sum.

23
24
25
26

E.    Within seven (7) days of the mailing of each and every disbursement, Defendants shall submit a copy of each check and related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

27
28

[PROPOSED] CONSENT DECREE    -8-

# IX. GENERAL INJUNCTIVE RELIEF

### A. Non-Discrimination

#### 1. Sexual Harassment

American Laser Centers clinics in the Northern California Region, their officers, agents, management (including all supervisory employees), successors, and assigns, are hereby enjoined from creating, facilitating or permitting the existence of a work environment that is hostile to female employees.

#### 2. Retaliation

American Laser Centers clinics in the Northern California Region, their officers, agents, management (including all supervisory employees), successors, and assigns, are hereby enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendants, because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Defendants) or proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought and/or received any relief in accordance with this Decree. This provision does not prohibit Defendants from reporting, or instituting a civil action against, any individual(s) who breached, or may have breached, a fiduciary or other duty to Defendants by engaging in conduct described in this paragraph.

### B. Notice Posting

Within thirty (30) days after the Effective Date and throughout the term of this Decree, the ALC Fresno Clinic shall post a notice (attached as Exhibit B) of the terms of this Decree in a clearly visible manner in the employee break room.

### C.  **Policies Concerning Anti-Harassment/Anti-Retaliation**

ALC agrees to implement anti-harassment/anti-retaliation policies. Within thirty (30) days after the Effective Date, these policies shall be posted to the American Laser Centers intranet, to which all employees have access. These policies shall be included in any relevant policy or employee manual distributed to employees. These policies, and any revisions made to them during the duration of this Decree, include:

1. A clear explanation of prohibited conduct, including clear objective criteria which expressly prohibit harassment on the basis of race, color, national origin, sex, age, disability, creed/religion, or any other prohibited category;

2. An assurance that employees who make complaints of harassment/discrimination or provide information related to such complaints will be protected against retaliation;

3. An assurance of human resources' involvement in the complaint process;

4. A clearly described complaint process that provides accessible and confidential avenues for complaints with contact information, including the address and telephone numbers, of persons both internal (<u>i.e.</u>, human resources) and external to ALC to whom employees may report discrimination and retaliation, including a written statement that the employee may report the discriminatory behavior to designated persons outside their chain of management;

5. An assurance that ALC will protect the confidentiality of harassment/discrimination complaints to the extent possible;

6. A complaint process that provides a prompt, thorough, and impartial investigation;

7. A procedure for communicating with the complainant in writing regarding the status of the complaint/investigation, results of the investigation, and any remedial action taken; and

8. Assurance that ALC will take immediate and appropriate corrective action when it determines that harassment/discrimination and/or retaliation has occurred; and

9. Assurance that ALC's disciplinary policies hold employees and managers accountable for failing to take appropriate action; and

10. Assurance that ALC's disciplinary policies hold employees and managers accountable for engaging in conduct prohibited under the Decree,

ALC shall collect acknowledgments from each employee in the Northern California Region who receives these policies throughout the term of this Decree.

D. **Equal Employment Opportunity Training**

Within ninety (90) days after the Effective Date, all employees in the Northern California Region shall be required to attend sexual harassment training that comports with all of the requirements below. All employees in the Northern California Region shall be required to attend training once each year for the term of this Decree.

1. Each training session shall be scheduled on company time, for a period of no less than two hours every year, and focus on Title VII.

2. This training shall include coverage of the subjects of equal employment opportunity rights and responsibilities, gender discrimination, sexual harassment, retaliation, and ALC's policies and procedures for reporting and handling complaints of discrimination, harassment and retaliation ("Staff Training").

3. The training for all managerial employees in the Northern California Region shall additionally include training on how to properly handle and

[PROPOSED] CONSENT DECREE -11-

investigate complaints of discrimination and/or harassment in a neutral manner, how to take preventive and corrective measures against harassment and/or retaliation, and how to recognize and prevent harassment and/or retaliation ("Managerial Training").

4. The training of individuals in ALC's Human Resources Department, along with anyone else responsible for investigating complaints of discrimination and/or retaliation for the Northern California Region also shall receive the Managerial Training.

5. For the remainder of the term of this Decree, all new employees in the Northern California Region shall receive training, Staff or Managerial Training as appropriate, within ninety (90) days of hire. All recently-promoted managerial employees in the Northern California Region shall receive the Managerial Training within ninety (90) days of being promoted from a staff position..

6. All Northern California Region employees shall verify in writing their participation in each designated training session they attend pursuant to this Decree.

7. The training session may be conducted using computer-based training or webinar with a live component that complies with the provision of California's AB1825. Inclusion of a link or directions on how to contact the Equal Employment Opportunity Compliance Officer, who shall be available to answer questions and to provide guidance and assistance about the training, shall satisfy the live component requirement of such training.

Within forty-five (45) days after the Effective Date, ALC shall submit to the Commission a copy of both the Staff and Managerial training programs.

[PROPOSED] CONSENT DECREE -12-

### E. **Designation of Equal Employment Opportunity Compliance Officer and a Trainer/Consultant to Effect Terms of the Decree**

Within thirty (30) days after the Effective Date, ALC shall designate Rhythm Manani as an in-house Equal Employment Opportunity Compliance Officer ("CO") who will monitor the Northern California Region's compliance with Title VII and the provisions of this Decree. Specifically, for the Northern California Region, the CO's responsibilities shall include:

1. Ensuring the development of procedures for training employees in the Northern California Region on sexual harassment and retaliation in compliance with Title VII;

2. Ensuring ALC maintains an effective anti-harassment policy and reporting procedure that complies with this Decree;

3. Ensuring ALC trains managerial and staff employees in the Northern California Region on their rights and responsibilities under Title VII, including but not limited to training on ALC's gender discrimination/harassment and retaliation policies;

4. Ensuring ALC monitors and adequately investigates all complaints of sexual discrimination/harassment and retaliation made by employees in the Northern California Region;

5. Ensuring ALC properly communicates with such complainants regarding the complaint procedure, status of the complaint/investigation, results of the investigation, and any remedial action taken; and

6. Ensuring ALC creates appropriate and consistent disciplinary policies to hold employees and managers in the Northern California Region accountable for failing to take appropriate action and/or for engaging in conduct prohibited under this Decree.

## X. **REPORTING**

ALC shall provide the following reports to the Commission in writing, by mail, e-mail, or facsimile:

A. Within ninety (90) days after the Effective Date, ALC shall submit to the Commission an initial report that contains:

1. A statement confirming <u>Exhibit B</u> to this Decree has been posted in the ALC Fresno Clinic; and

2. Confirmation that ALC has gathered from all employees in the Northern California Region their acknowledgment forms regarding receipt of ALC's anti-harassment/anti-retaliation policies.

B. ALC also shall provide the following reports annually throughout the term of this Decree:

1. A list of all employees in the Northern California Region who attended any training session required under this Decree that took place during the previous year;

2. Acknowledgments of receipt of ALC's anti-harassment/anti-retaliation policies for all employees in the Northern California Region who were hired during the previous year; and

3. A list of all sexual harassment and retaliation complaints made by an employee of ALC in the Northern California Region since the submission of the immediately preceding report hereunder. For each such complaint, the list shall include the name of the complainant, the nature of the harassment, the name of the alleged perpetrator of the harassment, when the alleged harassment occurred, a brief summary of how each complaint was resolved, and the identify of the person(s) who investigated or resolved each complaint. If no results have been reached as of the time of the report, the result shall be included in the next report.

C. ALC shall provide a report to the EEOC detailing any changes of the procedures for addressing harassment/ discrimination complaints and the monitoring of such complaints within thirty (30) days before implementing such changes.

## XI. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE AND ATTORNEY'S FEES

ALC shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree, including but not limited to the distribution of the settlement money.

Each party shall bear its own court costs of suit and attorneys' fees.

## XII. MISCELLANEOUS PROVISIONS

A. During the term of this Consent Decree, ALC shall ensure that each Clinic Manager of the Fresno Clinic and each Regional Manager of the Fresno Clinic is aware of any term(s) of this Decree that may be related to his/her job duties.

B. Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Floor, Los Angeles, CA 90012.

C. This Decree may be signed in counterparts. A facsimile or .pdf signature shall have the same force and effect of an original signature or copy thereof.

D. The parties agree to entry of this Decree and judgment subject to final approval by the Court.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree Order.

DATED: _____  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

By:_____
   Anna Y. Park
   Peter F. Laura
   Attorneys for Plaintiff
   U.S. Equal Employment Opportunity Commission

DATED: _____  By:_____
   Name:
   Title:
   **AMERICAN LASER CENTERS LLC**

DATED: _____  By:_____
   Name:
   Title:
   **AMERICAN LASER CENTERS OF CALIFORNIA LLC**

DATED: _____  By:_____
   Name:
   Title:
   **ALC-PARTNER, INC.**

# ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions is **ORDERED.**

IT IS SO ORDERED.

Dated:   October 11, 2011                     _____/s/ signature_____

                                                                         CHIEF UNITED STATES DISTRICT JUDGE